UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAMUEL C. RUTHERFORD, III,<br><br>                          Plaintiff,<br><br>          v.<br><br>CENTRAL BANK OF KANSAS CITY,<br><br>                          Defendant. | Case No. 3:24-cv-05299-TLF<br><br>ORDER ON MOTION TO DISMISS<br>OR STRIKE CLASS<br>ALLEGATIONS |

This matter comes before the Court on defendant's motion to dismiss, or strike plaintiff's class action allegations. Dkt. 35. The Court held oral argument on this motion on October 28, 2024. Dkt. 42. For the reasons stated below, defendant's motion is DENIED.

## BACKGROUND

A.  Plaintiff's Allegations

Defendant Central Bank of Kansas City ("CBKC") contracted with Stored Value Cards d/b/a Numi Financial ("Numi") to issue prepaid debit cards to persons released from custody at facilities they have agreements with. Dkt. 1. One such facility is the Pierce County Jail. *Id*. at 5. The agreement between Numi and Pierce County allowed Numi to select and/or change the card brand, issuing bank, or program manager at any time without the County's approval. *Id*.

1    Plaintiff Rutherford was incarcerated at Pierce County Jail in 2023 and upon

2    release was issued a prepaid debit card from CBKC. *Id*. at 6. The card was preloaded

3    with funds confiscated from him when he was taken into custody and funds that were

4    deposited into his account during his incarceration; the card was already activated when

5    he received it. *Id*. Plaintiff did not apply for or request the card and had no choice but to

6    accept the release card instead of cash. *Id*. at 6-7. Plaintiff incurred fees when he

7    withdrew his funds from a cash machine. *Id*. at 7.

8    B. Brown Case

9    On July 22, 2015, a class action was filed by Danica Brown against Numi and

10    Central National Bank and Trust Company, Enid, Oklahoma ("CNB") in the District of

11    Oregon. Dkt. 39. The *Brown* class's Electronic Fund Transfer Act ("EFTA") claims

12    related back to July 22, 2014, under the one-year EFTA statute of limitations. *Id*. at 2.

13    Numi partnered with four banks during the *Brown* class period including CNB, CBKC,

14    First Century Bancorp (Georgia) ("FCBGA") and Republic Bank & Trust Company

15    ("RBTC"). Dkt. 38 at 7.

16    On May 23, 2023, plaintiff submitted a declaration in support of nationwide class

17    certification in *Brown* and detailed his April 22, 2023 receipt of the prepaid debit card

18    here. Dkt. 35 at 2. On July 13, 2023, the District of Oregon certified a nationwide EFTA

19    class defined as follows:

> All persons (1) taken into custody at a jail, correctional facility, detainment center,
> or any other law enforcement facility within the United States, (2) entitled to the
> return of money confiscated from them or remaining in their inmate accounts
> when they were released from custody, and (3) who had those funds returned
> through a debit card provided by Defendant Stored Value Cards and/or its
> partner bank, Defendant Central National Bank and Trust Company, despite
> never having requested nor applied for a debit card, within one year prior to the
> filing of the original Complaint in this action, and during its pendency, and (4) who

20

21

22

23

24

25

ORDER ON MOTION TO DISMISS OR STRIKE CLASS
ALLEGATIONS - 2

incurred fees or charges. Those who satisfy these four criteria but who received a debit card from April 1, 2017, to April 30, 2018, and did not opt out of the settlement class in Humphrey v. Stored Value Cards No. 1:18-CV-01050 (N.D. Ohio), are excluded from this class.

Dkt. 45-1 at 51*; Brown v. Stored Value Cards, Inc.*, No. 3:15-cv-01370-MO (D. Or. July 23, 2023).

The Oregon Court also determined that the partner banks were not indispensable parties in *Brown* in part "because Defendants are liable on their own for their violations [of the EFTA], Plaintiff can obtain complete relief for Defendants' violations from Defendants." *Brown v. Stored Value Cards, Inc.*, 3:15-CV-01370-MO, 2023 WL 6266756, at *2 (D. Or. Sept. 29, 2023). The parties in the *Brown* action settled the case, and the settlement is awaiting final approval with each class member receiving three times their actual damages or $15, whichever is greater. Dkt. 35 at 3. Plaintiff was a member of the *Brown* settlement class when he initiated this action but has since opted out. *Id.*

DISCUSSION

A.  Motion to Dismiss

The Court's review of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is limited to the complaint, documents incorporated into the complaint by reference, and documents of which the Court may take judicial notice. *Khoja v. Orexigen Therapeutics Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). A motion to dismiss may be granted only if plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

1

2

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

3

4

5

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

6

A complaint must contain a "short and plain statement of the claim showing that

7

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

8

necessary; the statement need only give the defendant fair notice of what the . . . claim

9

is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93

10

(2007) (internal citations omitted). But the pleading must be more than an "unadorned,

11

the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

12

While the Court must accept all the allegations contained in the complaint as

13

true, the Court does not accept as true a "legal conclusion couched as a factual

14

allegation." *Id.*

15

B. Motion to Strike

16

Fed. R. Civ. P. 12(f) permits a court to strike from a pleading "an insufficient

17

defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to

18

strike "are generally regarded with disfavor because of the limited importance of

19

pleading in federal practice, and because they are often used as a delay tactic." *In re*

20

*Wal-Mart Stores, Inc. Wage and Hour Litigation*, 505 F. Supp. 2d 609, 614 (N.D. Cal.

21

2007).

22

C. Judicial Notice

23

24

25

1    The parties each filed a request for judicial notice related to *Brown v. Stored*

2  *Value Cards Inc. et al.*, Case No. 3:15-cv-01370-MO. Dkts. 43, 45. Defendant requests

3  that the Court take judicial notice of a declaration filed by plaintiff's counsel in *Brown* on

4  October 29, 2024 in support of their motion for attorney's fees. Dkt. 43. Defendant

5  argues that the declaration is relevant to and supports defendant's motion to dismiss or

6  strike class allegations because it concerns whether members of the *Brown* class will be

7  fully compensated for their losses. *Id.* at 3.

8    Plaintiff requests that the Court take judicial notice of the unopposed motion for

9  preliminary approval filed in *Brown*, which plaintiff contends explains that the *Brown*

10  class is not being fully compensated. Dkt. 45. Plaintiff also asks the Court to take

11  judicial notice of the argument Numi made in *Brown* with respect to the class definition

12  in that case. *Id.* at 2.  Plaintiff further requests that the Court take judicial notice of

13  "defendant's memorandum of law in opposition to plaintiff's motion for class certification"

14  filed by defendants in *Brown*. *Id.* at 2-3.

15    According to Federal Rule of Evidence 201, the Court may take judicial notice of

16  matters of public record if the facts are not subject to reasonable dispute. *See Lee v.*

17  *City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (internal quotation marks

18  omitted)). Court orders and filings are proper subjects of judicial notice. *See, e.g.*,

19  *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (noting that a court "may

20  take notice of proceedings in other courts, both within and without the federal judicial

21  system, if those proceedings have a direct relation to matters at issue"); *Reyn's Pasta*

22  *Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice

23  of pleadings, memoranda, and other court filings).

24

25

ORDER ON MOTION TO DISMISS OR STRIKE CLASS
ALLEGATIONS - 5

1    The documents for which the parties have requested judicial notice are being

2    noticed for facts and court filings that are not reasonably in dispute. Thus, the Court

3    grants both parties' requests for judicial notice as to Dkt. 44-1 and Dkts. 45-1, 45-2, and

4    45-3 and the Court will consider these documents in deciding the pending motion.

5    D.  Motion to Strike Class Claims

6    Defendant argues that the rule against claim-splitting prevents plaintiff from

7    "initiating a duplicative class action to compete with *Brown*." Dkt. 35 at 6. Plaintiff

8    responds that the rule against claim-splitting does not bar his action because the claims

9    in this class action could not have been raised in *Brown* and this case is not brought

10   against any of the defendants in *Brown*. Dkt. 38 at 11-16.

11   To determine whether a plaintiff's claims constitute claim-splitting "we borrow

12   from the test for claim preclusion" and assess whether "the second suit involves (1) the

13   same causes of action as the first; and (2) the same parties or their privies." *Mendoza v.*

14   *Amalgamated Transit Union Int'l*, 30 F.4th 879, 886 (9th Cir. 2022) (internal quotations

15   and citations omitted). In assessing whether the causes of action are the same, the

16   court considers:

17       (1) whether rights or interests established in the prior judgment would be
         destroyed or impaired by prosecution of the second action; (2) whether
18       substantially the same evidence is presented in the two actions; (3) whether the
         two suits involve infringement of the same right; and (4) whether the two suits
19       arise out of the same transactional nucleus of facts

20   *Id*. at 887 (quoting *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 689 (9th

21   Cir. 2007)); *see also* RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1982).

22   In assessing whether the parties are in privity the court determines whether a

23   "nonparty was 'adequately represented by someone with the same interests who was a

24

25

party' to the first suit." *Mendoza,* at 887 (quoting *Taylor v. Sturgell*, 553 U.S. 880, 894 (9th Cir. 2022)). "[A] nonparty is adequately represented in a prior suit when, 'at a minimum: (1) [t]he interests of the nonparty and [their] representative are aligned; and (2) either the party understood [themselves] to be acting in a representative capacity or the original court took care to protect the interests of the nonparty.'" *Mendoza,* at 887-888 (quoting *Taylor*, 553 U.S. at 900).

1.  Same Cause of Action

Defendant argues that this cause of action is duplicative because it arises from the same nucleus of operative fact as the *Brown* action. Dkt. 35 at 8. Plaintiff argues this case does not involve claim splitting because that rule applies only if the claims in the second action could have been brought in the first action. Dkt. 38 at 11-12. Plaintiff also contends that the facts supporting this lawsuit arose after the filing of the *Brown* lawsuit. *Id*. at 12-13. Defendant argues that because the *Brown* class definition refers to cards issued by Numi *and or* CNB, claims concerning CBKC cards were adjudicated in *Brown*. Dkt. 41 at 2-3.

The parties disagree on whether this Court should be persuaded by the holding of *Bojorquez v. Abercrombie & Fitch, Co*., 193 F. Supp. 3d 1117 (C.D. Cal. 2016). In that case, current, and former employees of Abercrombie & Fitch Co. and Abercrombie & Fitch Stores, Inc. ("Abercrombie") brought various federal and state wage-and hour violations claims against Abercrombie & Fitch. *Bojorquez*, 193 F. Supp. 3d at 1121. When these claims were brought, there were five other cases pending before the Court that alleged various wage and hour violations against Abercrombie. *Id*. at 1122. One of the plaintiffs, Alma Bojorquez, had submitted a declaration in support of a motion to

1    certify certain subclasses in one of the other pending cases, *Brown*, but she was not a

2    named plaintiff in that case.[1] *Id*. The court determined that Bojorquez was a party of the

3    *Brown* action because she qualified as a member of the *Brown* subclass. *Id*. at 1124.

4    The Court also determined that two of the four factors were met regarding whether the

5    two causes of action were the same and found that to be sufficient because the two

6    cases satisfied the fourth factor in that they shared a common nucleus of operative fact.

7    *Id*. at 1127.

8         Defendant argues that similarly here, plaintiff was a party to the *Brown* action

9    because the *Brown* Court approved a nationwide class under Fed. R. Civ. P. 23 of

10   which plaintiff was a member and the *Brown* action arose out of the same nucleus of

11   operative facts. Dkt. 35 at 7-8.

12        The fourth factor has often been held to be outcome determinative. *Mpoyo v.*

13   *Litton Electo-optical Systems*, 430 F.3d 985, 987 (9th Cir. 2005). "We use a transaction

14   test to determine whether the two suits share a common nucleus of operative fact." *Id*.

15   (citing *Int'l Union v. Karr*, 994 F.2d 1426, 1429-30 (9th Cir. 1993). This test looks at

16   "whether they are related to the same set of facts and whether they could conveniently

17   be tried together." *Id*. (quoting *Western Sys., v. Ullia*, 958 F.2d 964, 871 (9th Cir. 1992))

18   (internal quotations omitted).

19        Plaintiff argues that he could not have brought these claims in the *Brown* action

20   because the facts supporting this case arose after *Brown* was filed; and he asserts the

21   named plaintiff did not have standing to bring a claim on behalf of a class against CBKC

22

23

---

[1] There is no relation to the *Brown v. Stored Value Cards Inc. et al.*, Case No. 3:15-cv-01370-MO case relevant to this action.

24

25

because the card the named plaintiff received from Numi was issued by CNB. Dkt. 38 at 12-13. Defendant does not address these arguments but contends that every single individual who received a release card from CBKC is a member of *Brown* because the *Brown* class definition sweeps in all individuals who received a card from Numi during the class period. Dkt. 41 at 2.

Yet, this argument ignores the fact that, as stated by the *Brown* Court in determining that CBKC and the partner banks other than CNB were not required parties in the *Brown* action, "[b]ecause Defendants are liable on their own for their violations, Plaintiff can obtain complete relief for Defendant's violations from Defendants." *Brown v. Stored Value Cards, Inc.*, 3:15-CV-01370-MO, 2023 WL 6366756, at *2 (D. Or. Sept. 29, 2023). The Court in *Brown* came to this conclusion because the plaintiff only sought damages under the EFTA. Because CBKC is liable for its own violations of the EFTA, the fact that the *Brown* class would provide relief from Numi for Numi's own violations does not address whether the claims in this case could have been tried in the *Brown* class. It appears the claims against CBKC could not have been litigated in Brown.

This case therefore is distinguishable from *Bojorquez* because relief in *Bojorquez* was sought against the same defendant under the same set of facts, under two different legal theories; as stated by the Court in *Bojorquez*: "the central issue in both cases is whether and to what extent Abercrombie maintains a policy requiring its employees to buy Abercrombie clothing without reimbursement." 193 F. Supp. 3d at 1125.

Even though plaintiff here could have pursued his claims against Numi as a member of the *Brown* class, he could not have pursued his claims against CBKC in that action and thus, under the transaction test, these cases do not share a common

1   nucleus of operative fact. *See Rodriguez v. Taco Bell,* 1:13-CV-01498-SAB, 2013 WL

2   5877788, at *3 (E.D. Cal. Oct. 30, 2013) ("the claim splitting doctrine does not

3   extinguish a subsequent claim when the plaintiff is unable to present the claim in the

4   prior action. . .").

5          2.  Same Parties

6          Defendant argues that Numi and CBKC are in privity and asserts that counsel for

7   plaintiff argued in *Brown* that even if the banks Numi partnered with were not named as

8   defendants, the class could recover complete relief. Dkt. 35 at 6. Plaintiff responds that

9   the relationship between Numi and CBKC is merely contractual. Dkt. 38 at 16.

10         The Court has already determined that this case does not involve the same

11  cause of action as *Brown*. Additionally, there does not appear to be privity between the

12  parties. The *Brown* plaintiff originally requested that the Court certify a class that

13  included all persons "who had those funds returned through a debit card provided by

14  Defendant Stored Value Cards and/or its partner banks, including Defendant Central

15  National Bank and Trust Company," (Dkt. 45-2 at 7) but defendants in that case argued

16  "plaintiff impermissibly defines the proposed classes to reach claims concerning cards

17  issued by banks other than CNB, the bank that issued plaintiff's card, and the only

18  issuing bank that is a party to this action" (Dkt. 45-3 at 21).

19         The Court in *Brown* certified a class that included persons "who had those funds

20  returned through a debit card provided by Defendant Stored Value Cards and/or its

21  partner bank, Central National Bank and Trust Company," and changed the language

22  from including all partner banks to isolating only CNB as a partner bank. Dkt. 45-1 at 51.

23  Numi added that "CNB is separate from and unaffiliated with Numi." Dkt. 45-3 at 8.

24

25

ORDER ON MOTION TO DISMISS OR STRIKE CLASS
ALLEGATIONS - 10

Therefore, CBKC's interests are not aligned with Numi in the *Brown* action. *See Mendoza*, 30 F.4th at 887. Defendant also contends that CBKC is in privity with CNB as its successor in interest as Numi's former partner bank. Dkt. 41 at 5. But this does not make a difference in the analysis, given the Court has determined in this case CBKC is sued based on its own violations of the EFTA and not Numi's violations.

Accordingly, defendant's motion to dismiss or strike class claims based on claim-splitting is DENIED.

E. Remaining Arguments

Defendant argues that plaintiff waived his right to seek class relief for the injuries pleaded here and is now limited to seeking redress through individual claims. Dkt. 35 at 1-2. But this argument is unpersuasive because it is based on the same issue the Court has already addressed, whether CBKC is the same defendant as the defendants in *Brown*.

In its reply, defendant contends that members of the *Brown* class who accept a compensation for their injuries in *Brown* would be precluded from recovery here under the rule against double recovery. Dkt. 41 at 5-7. This argument is premature. Plaintiff has not yet moved for class certification — the point where courts typically consider class allegations. *In re Wal-Mart Stores, Inc. Wage and Hour Litigation*, 505 F. Supp. 2d 609, 614-15 (N.D. Cal. 2007) (collecting cases). As a result, the Court declines to dismiss or strike class allegations at this point.

CONCLUSION

For all these reasons, defendant's motion to dismiss or strike class allegations is DENIED.

ORDER ON MOTION TO DISMISS OR STRIKE CLASS
ALLEGATIONS - 11

1    Dated this 13th day of November, 2024.

2

3

4

                                        Theresa L. Fricke
5                                            United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER ON MOTION TO DISMISS OR STRIKE CLASS
ALLEGATIONS - 12