UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAMUEL C. RUTHERFORD, III, et al.,

Plaintiff,

v.

CENTRAL BANK OF KANSAS CITY,

Defendant.

Case No. 3:24-cv-05299-TLF

ORDER DENYING CLASS' MOTION TO APPROVE NOTICE, NOTICE PROGRAM, AND NOTICE SCHEDULE

## I.     Introduction

Before the Court is Plaintiff's Motion to Approve Class Notice, Notice Program, and Notice Schedule. Dkt. 117. Defendant Central Bank of Kansas City ("CBKC") filed a response in opposition, and plaintiff filed a reply. Dkt. 121, 124.

Federal Rule of Civil Procedure 23(c)(2)(B) requires that notice be provided to members of a Rule 23(b)(3) class. The Rule, however, does not mandate immediate notice in every case. Because there are potential class certification issues (identified in the Court's prior order), and pending discovery issues, the Court DENIES the Motion WITHOUT PREJUDICE.

## II.     Background

On February 13, 2025, the Court certified a national class under the Electronic Funds Transfer Act and a Washington subclass asserting related state-law claims. Dkt. No. 56 at 13-14. On August 15, 2025, defendant moved to decertify the class. Dkt. 97.

ORDER DENYING CLASS' MOTION TO APPROVE NOTICE, NOTICE PROGRAM, AND NOTICE SCHEDULE - 1

On November 14, 2025, the Court denied the motion to decertify without prejudice, stating that "the record is still being developed regarding the timing and mechanics of card activation and fund transfers," and concluding that "[f]urther factual development is required before the Court can meaningfully assess whether class treatment remains appropriate." Dkt.116 at 2-3, 10. The Court also noted that continued class treatment was warranted "while the factual record continues to develop." *Id.* at 8.

On October 2, 2025 the Court entered an amended case schedule setting a summary-judgment deadline of March 13, 2026. Dkt. 109.

Plaintiff now seeks approval of a nationwide notice program that would involve direct mail, email, publication, and digital advertising to approximately 928,000 identified class members. Dkt. 117 at 4, 6-8.

## III.    Discussion

The purpose of Fed. R. Civ. P. 23(c)(2) is "to ensure that the plaintiff class receives notice of the action well *before* the merits of the case are adjudicated." *Schwarzchild v. Tse,* 69 F.3d 293, 295 (9th Cir. 1995); *but see, Wright v. Schock,* 742 F.2d 541, 544-545 (9th Cir. 1984) (finding the defendant waived the protection of an early ruling on class certification by seeking summary judgment against individual plaintiffs before class certification had been finalized). The Federal Rules of Civil Procedure do not require that notice be provided to class members at a particular time; the decision of when to give notice is left "to the sound discretion of the [c]ourt and the circumstances of the particular case." *R&D Bus. Sys. V. Xerox Corp.,* 150 F.R.D. 87, 91 (E.D. Tex. 1993); *Rivera v. Patino,* 524 F. Supp. 136, 150 (N.D. Cal. 1981). Rule 23(c)(2)(B) applies to any class certified under Rule 23(b)(3) and states "the court must

ORDER DENYING CLASS' MOTION TO APPROVE
NOTICE, NOTICE PROGRAM, AND NOTICE
SCHEDULE - 2

direct to class members the best notice that is practicable under the circumstances…." Fed. R. Civ. P. 23(c)(2)(B). The Rule's language is mandatory as to the obligation to provide notice. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811–12 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974).

Plaintiff contends that the notice obligation arises immediately upon certification because "the class is certified now" and "class members' rights to notice exist now." Dkt. 117 at 3. CBKC responds that the Court retains discretion to defer notice where unresolved threshold issues may materially affect the scope, viability, or content of the class, and subsequently any notice. *See* Dkt. 121.

**A. Due Process Requirements**

Rule 23's notice requirement is designed to ensure compliance with the demands of due process. *Eisen*, 417 U.S. at 173. To meet the constitutional guarantee of procedural due process, "notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Eisen*, 417 U.S. at 174 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). The means employed must be such as one "desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane*, 339 U.S. at 315; *Roes 1–2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1045 (9th Cir. 2019).

Plaintiff correctly notes that *Mullane* and *Eisen* establish that notice to Rule 23(b)(3) class members is mandatory, not discretionary. But those cases do not hold that notice must issue at the earliest possible moment regardless of procedural posture.

ORDER DENYING CLASS' MOTION TO APPROVE
NOTICE, NOTICE PROGRAM, AND NOTICE
SCHEDULE - 3

In *Mullane*, the Supreme Court addressed the constitutional sufficiency of notice in the context of a judicial settlement that would bind known beneficiaries. 339 U.S. at 314–15. The Court did not address the timing of notice. Similarly, *Eisen* makes clear that individual notice is required for *identifiable* class members, but it does not hold that notice must issue immediately upon certification irrespective of unresolved threshold issues. 417 U.S. at 175.

Here, no class-wide merits determination binding absent class members has occurred, and no judgment has been entered. The Court is not permitting final adjudication of class claims without notice.

The question is whether notice must issue now, before resolution of pending threshold issues that may materially affect the scope or viability of the class and the content of any notice. Resolution of those issues may narrow the class, alter available remedies, or eliminate the need for class treatment altogether.

**B. One-Way Intervention, Merit's Gate Keeping, and Delay**

Plaintiff argues that delaying notice is "prohibited by law." Dkt. 124 at 2, Plaintiff's Reply.

The doctrine prohibiting one-way intervention is aimed at preventing absent class members from waiting to see how the merits of a case are resolved before deciding whether to participate, which would allow them to benefit from a favorable judgment while avoiding the binding effect of an unfavorable one. *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 547 (1974).

ORDER DENYING CLASS' MOTION TO APPROVE
NOTICE, NOTICE PROGRAM, AND NOTICE
SCHEDULE - 4

The Court is not permitting a merits adjudication of class claims to proceed in the absence of notice, nor is it allowing absent class members to await a favorable determination before deciding whether to be bound.

Instead, the Court is deferring notice pending resolution of threshold issues that will determine the remaining issues of the class certification. *Ambrosio v. Progressive Preferred Ins. Company,*154 F.4th 1107, 1112-1113 (9th Cir. 2025)(amount of damages may vary from member to member without defeating class certification, but if the Court must inquire whether each individual class member has been harmed — by reviewing the facts specific to that person — then the common issues do not dominate over individualized questions"); *Jama v. State Farm Mutual Automobile Insurance Co.,* 113 F.4th 924, 931-936 (9th Cir. 2024) (affirming class decertification and summary judgment for the defense in part and reversing in part, citing *Lara v. First National Insurance Company of Am.,* 25 F.4th 1134 (9th Cir. 2022), explaining that in *Lara,* decertification was legally supported because the District Court would have had to make an individualized inquiry into actual cash value of car to determine whether there was an injury and whether those individuals had established standing; therefore the Court could not determine whether a class member was injured on a class-wide basis).

During this period, no judgment or merits ruling will bind absent class members, and they are not positioned to gain the benefit of a favorable outcome without assuming the risk of an unfavorable one. The Court's sequencing does not allow putative class members to "wait and see" whether the class prevails on the merits before opting in.

While defendant has indicated that it intends to seek summary judgment on plaintiff's contention that inmate funds were transferred prior to execution of a request

ORDER DENYING CLASS' MOTION TO APPROVE
NOTICE, NOTICE PROGRAM, AND NOTICE
SCHEDULE - 5

for a jail release card and that it intends to renew its class decertification motion, the Court's ruling does not authorize final merits adjudication of class claims without prior notice. Dkt. 121 at 1-2. The limited deferral of notice under these circumstances does not revive the one-way-intervention problem Rule 23 was designed to prevent. The fact discovery deadline (February 6, 2026) has recently expired, and the Court is still considering plaintiff's motion to compel and motion for sanctions. Dkt. 122, 127, 132. Factual development is critical for the parties to litigate any continuing issues relating to class certification. *See Davidson v. O'Reilly Auto Enterprises, LLC,* 968 F.3d 955, 962-63 (9th Cir. 2020) (observing that the trial court has broad discretion to control the discovery process relating to class certification).

Nor does deferring notice turn it into a "merits gatekeeping device." Dkt. 124 at 5. The class certification analysis overlaps somewhat with the merits of the plaintiff's cause of action; the trial court should consider merits questions only if those questions are relevant to the "rigorous analysis" under Rule 23 to determine whether the prerequisites are satisfied. *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 351 (2011). Deferring notice where unresolved threshold issues may eliminate the need for notice altogether, or substantially change its content, does not undermine Rule 23's fairness principles. Finally, the Court's ruling does not permit indefinite delay. Notice is deferred only until resolution of the identified issues that bear directly on whether there will be a class to notify, how to identify members of the class. Under the current scheduling order, the deadline for dispositive motions is March 13, 2026. Dkt. 109. The Court, by minute order, is striking the remaining pretrial deadlines, but maintaining the August 18, 2026 trial date pending further consultation with the parties. The Court will hold a status

ORDER DENYING CLASS' MOTION TO APPROVE
NOTICE, NOTICE PROGRAM, AND NOTICE
SCHEDULE - 6

conference and issue a new scheduling order, to allow the parties and the Court to evaluate the issues of discovery and class certification.

### IV.    Conclusion

Given the possibility that forthcoming rulings may materially affect the class notice or its content, the Court will defer approving a Rule 23(c)(2)(B) notice until after the fact discovery process has concluded. Accordingly, Plaintiff's Motion to Approve Class Notice, Notice Program, and Notice Schedule is DENIED WITHOUT PREJUDICE. Plaintiff may renew the motion after discovery issues have been resolved, and motion practice has occurred that clarifies the scope and viability of class treatment.

IT IS SO ORDERED.

Dated 11th day of February 2026.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING CLASS' MOTION TO APPROVE
NOTICE, NOTICE PROGRAM, AND NOTICE
SCHEDULE - 7